## John G. Hull v. Isabella Wilson.

Where there is survey against survey, and the possession *in equilibrio*, the law preserves the title for him who has the right.

Error to the District Court of Allegheny.

*Sept.* 18. This was an ejectment by Isabella Wilson against John G. Hull, for some nine acres of land.

Prior to 1788, one Herr obtained a warrant and survey for a certain tract of land. In that year James Snodgrass had a survey made on a warrant for 300 acres, which ran over the Herr survey and was returned at 176 acres. Of these 176 acres, one portion, the part in dispute, was on the one side of the Herr survey—the balance overlaying that survey and on the other side.

Mrs. Wilson claimed under a warrant in her name of July 1817, for 50 acres adjoining Herr and others; and survey thereon in 1820, of 23 acres, embracing the land in dispute. In 1839 she sold this land to J. & W. Conden, but purchased it again at sheriff's sale in 1848. A settlement was made upon one end of the 23 acre tract in 1808, and continued by her or her tenants until this suit.

Hull claimed under the Snodgrass warrant and survey. Snodgrass conveyed his warrant in 1814 to T. and J. Snodgrass, who, in 1825, conveyed the land in dispute to Hull the defendant. Hull had purchased the Herr tract in 1819, and has lived thereon ever since.

In 1814, T. and J. Snodgrass lived near the property in dispute, and their clearing, which is within the survey of 1788, is about 100 rods from it. The line of their survey was proved to be well marked, and neither Mrs. Wilson, or any of her tenants, had ever cleared over it, but always cleared and cultivated up to it. Samuel M'Masters testified, that his father was tenant under Mrs. Wilson from 1828 to 1835. He also testified, that Wm. Chambers, brother of Mrs. Wilson, and Hull, showed his father the line up to which he might clear and cut timber, and that Hull at that time claimed this to be the line as the owner of the Snodgrass title.

Vol. XI.—65

In 1839, an action of trespass was brought by Hull against J. & W. Conden, the vendees of Mrs. Wilson, for cutting timber on the premises in dispute, and the plaintiff took judgment for costs, and J. & W. Conden agreed not to trespass on this land again. There was no evidence that Mrs. Wilson, her vendees, or tenants, ever paid taxes on the land in dispute.

The court charged that the right of Hull, the defendant, was barred by the statute of limitations. Whereupon the verdict was for the plaintiff. The error assigned here was this charge.

*Austin* and *Forward*, for the plaintiff in error, relied upon Waggoner *v.* Hastings, 5 Barr, 302, and Bishop *v.* Lee, 3 Barr, 217.

*Mellon*, contrâ.—Mrs. Wilson's title began at her settlement in 1808 : Mix *v.* Smith, 7 Barr, 75 ; and her uninterrupted possession till 1844, and payment of taxes, gave her a perfect title to the land embraced in her survey: Kite *v.* Brown, 5 Barr, 294 ; Waggoner *v.* Hastings; Fitch *v.* Mann, 8 Barr, 503.

The opinion of this court was delivered by

COULTER, J.—In Marcie *v.* Gardner, 7 W. 240, it was ruled that a warrant may be executed by including within the survey two separate parcels of unappropriated land lying on opposite sides of land previously appropriated and improved.

That was the exact category of the survey of Snodgrass, which was made 20th October, 1788. This survey ran over an elder warrant and survey in the name of Herr, which bisected the Snodgrass survey, leaving it in two parts, one a small one of eight or ten acres, which is the land in dispute. This small tract was adjacent to and almost surrounded by the Herr survey. Hull, the defendant, being the owner of the Herr title, purchased this small piece of land from Snodgrass in November 1825.

Isabella Wilson, the plaintiff, obtained a warrant in 1817, on which a survey was executed in 1820, embracing that part of the Snodgrass survey, which was separated from the main body by the intervention of the Herr survey. Mrs. Wilson has resided on her tract for more than twenty-one years, but never cleared over the line of the Snodgrass survey. Hull annexed the land in dispute to his own in 1820, long before the statute had run in favour of Mrs. Wilson, even supposing her to have had actual possession of that part of the Snodgrass survey. But it is not pretended that she had *pedis possessio*, and she never had constructive or legal possession. In disputes about intervening surveys, the oldest title obtains,

other things being equal, and therefore the Snodgrass title had to yield to the survey of Herr, now owned by Hull. But under such circumstances the junior title is left in full constructive possession of all the land not taken by the elder. Snodgrass being in the legal and constructive possession of his whole survey, at the time of the discovery of the interference of the Herr survey, with that exception, was left in possession of the residue, which nothing could amove from him but actual, hostile, adverse possession. Mrs. Wilson's survey could therefore not give her possession, actual or constructive, beyond the lines of Snodgrass, which was the oldest title and survey. For, although she was in possession within the limits of her survey, Snodgrass was also in possession within the limits of his survey. And the constructive possession in Snodgrass's case was commensurate with the lines of his survey, because his title was the oldest and best. And Mrs. Wilson's possession was restricted by the lines of the Snodgrass survey, because her title was junior and inferior to that of Snodgrass: she therefore had no constructive possession which could oust Snodgrass. In the language of Waggoner *v.* Hastings, 5 Barr, 302, when there is survey against survey, and the possession *in equilibrio*, the law preserves the title for him who has the right.

But, independent of this, the land in dispute was purchased by Hull in 1820, and annexed to his own survey, and used by him as his own, as woodland is used by farmers,. ever since. At that time Mrs. Wilson had not the spark or glimmering of a title. Nor has she any now.

The statute of limitations is no protection to her whatever. She had no adverse hostile possession for twenty-one years, in fact, no possession at all, at any time greater than when she brought this action.

Judgment reversed, and *venire de novo* awarded.